1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRANDON KEEN,                              Case No.  2:24-cv-0299-JDP (P)

12                    Plaintiff,

13            v.                                  ORDER

14    CROSS, *et al.*,

15                    Defendants.

16

17

18          Plaintiff, a state inmate proceeding pro se, brought this § 1983 action against defendants

19    Cross and Wallace, alleging that they violated his Eighth Amendment rights when they were

20    aware plaintiff had set a fire in his cell, but failed to help him.  ECF No. 1.  Now pending before

21    the court are plaintiff's motion to obtain video evidence, ECF No. 40, which defendants oppose,

22    ECF No. 41, and motion to appoint counsel, ECF No. 39.  I will deny both plaintiff's motions.

23                          **Motion to Obtain Video Evidence**

24          Plaintiff moves to obtain "all video evidence" in this matter, and he requests all body

25    camera footage from defendants.  ECF No. 40.  Defendants oppose plaintiff's request, arguing

26    that plaintiff's request is procedurally improper and untimely.  ECF No. 41.[1]

27    _____

28          [1] In their opposition, defendants argue that plaintiff's motion is untimely, as the date to
      serve discovery requests has passed and plaintiff has not asked for an extension of time to make

                                              1

On February 20, 2025, I issued the scheduling order in this case, in which I informed both parties that discovery requests must be served by the party seeking discovery on all parties to the action. ECF No. 35 at 5. I warned that discovery requests should not be filed with the court unless required by Local Rules. *Id.* As it currently stands, no Local Rule requires this court to review plaintiff's discovery request, and, as I have previously informed plaintiff, *see* ECF No. 17, court permission is not necessary for discovery requests. Additionally, to the extent that plaintiff intended to serve defendants with his discovery request by filing them with the court, that approach is improper. Plaintiff must serve his discovery requests on defendants. *See* Fed. R. Civ. P. 30-36. As such, I deny plaintiff's request for video evidence.

**Motion for Appointment of Counsel**

Plaintiff moves for appointment of counsel, generally alleging that he needs counsel to assist him in bringing this case due to his lack of legal knowledge and mental health issues. ECF No. 39. District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may ask an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time, and I deny his motion.

---

discovery requests. ECF No. 41 at 4-5. Because I am denying plaintiff's motion for video evidence as procedurally improper, this order makes no findings on the timeliness of plaintiff's purported discovery requests.

1                                    **Conclusion**

2          Accordingly, it is ORDERED that:

3          1.        Plaintiff's motion to obtain video evidence, ECF No. 40, is DENIED.

4          2.        Plaintiff's motion for appointment of counsel, ECF No. 39, is DENIED.

5

6    IT IS SO ORDERED.

7

8    Dated:    May 22, 2025

     JEREMY D. PETERSON
9    UNITED STATES MAGISTRATE JUDGE