1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON KEEN,                              Case No.  2:24-cv-0299-JDP (P)

12                   Plaintiff,

13            v.                                ORDER

14   CROSS, *et al.*,

15                   Defendants.

16

17

18        Plaintiff, a state inmate proceeding pro se, brought this § 1983 action against defendants

19   Cross and Wallace, alleging that they violated his Eighth Amendment rights when they became

20   aware that plaintiff had set a fire in his cell but failed to help him.  Now pending before the court

21   are defendants' and plaintiff's motions to compel.  Defendants further seek to modify the

22   discovery and scheduling order to allow additional time to retake plaintiff's deposition.  For the

23   following reasons, defendants' motion is granted and plaintiff's is denied.

24                   **Defendants' Motion to Compel Plaintiff's Deposition**

25        Defendants' move to compel plaintiff to resume his deposition testimony.  ECF No.  43.

26   Discovery opened February 20, 2025, and the deadline for completion of discovery was June 13,

27   2025.  ECF No. 35.  On March 13, 2025, defendants served plaintiff with a deposition notice for

28

                                                1

April 30, 2025.  ECF No. 43-2 at 5-6.  The deposition was scheduled for April 30, 2025, at 9:00

a.m. at California Men's Colony via audio-visual conference.  *Id.*

On April 30, 2025, plaintiff and defense counsel appeared for the deposition.  ECF No.

43-2 at 12-16.  The deposition started at 9:09 a.m., *id.* at 16, and defense counsel ended the

deposition for the day at 10:33 a.m., *id.* at 55.  At 10:07 a.m., the parties took a break and

resumed the deposition at 10:24 a.m.  *Id.* at 47-48.  Prior to the break, plaintiff informed defense

counsel that he was finished with the deposition because he did not have counsel and because

defense counsel had not shown plaintiff the video recording of the alleged fire.  *Id.* at 44-47.

> Q. Sir, are you refusing to participate in the rest of this deposition?
>
> A. I need to get hold of somebody to help me for assistance.
>
> Q. I get that, sir.  But we're going to still continue with this deposition today.  Okay?
>
> A. I'm done.  Done answering questions.  I'm not refusing.  I'm done.  That's it.  I don't know what to tell you.  I don't recall anything else.
>
> Q. Okay. Well --
>
> A. I need help.  I need assistance and help with this issue.  Because if I don't recall, the only thing you are going to twist it against me.  And it's all on camera.  You seen the film over and over.  And I haven't had the opportunity to look at it.

*Id.* at 46.  When the parties returned from the break, defense counsel verbalized for the record that

plaintiff had placed a sheet over his holding cell such that he was not visible on the screen.[1]  *Id.* at

48.

Defense counsel asked plaintiff is he was refusing to answer questions based on plaintiff's

lack of recall and lack of desire to continue the deposition.  *Id.* at 49-50.  Plaintiff responded that

he needed to view the video of the incident to refresh his memory to answer defense counsel's

questions, that he could not answer questions due to his mental health medications, and that he

needed first to speak with the court.  *Id.* at 50-51.  Following the deposition, defense counsel sent

plaintiff a letter that explained that if plaintiff did not inform him that he would sit for another

---

[1] Defendants lodged with the court a video recording on the deposition and the court agrees that plaintiff had placed a white sheet over the holding cell and was not visible.

1    deposition, defendants would file a motion to compel plaintiff's deposition. *Id.* at 60. Defendants

2    did not receive a response.

3        Defendants are entitled to conduct discovery, which includes the deposition of plaintiff, to

4    obtain all information pertaining to the factual allegations, and legal claims and defenses at issue

5    in this action. Fed. R. Civ. P. 26(b)(1) & 30. "An objection at the time of the examination–

6    whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking

7    the deposition, or to any other aspect of the deposition—must be noted on the record, but the

8    examination still proceeds." Fed. R. Civ. P. 30(c)(2). Objections must be stated concisely in a

9    non-argumentative and non-suggestive manner. *Id.* The deponent may refuse to answer a

10   question "only when necessary to preserve a privilege, to enforce a limitation ordered by the

11   court, or to present a motion under Rule 30(d)(3)." *Id.* The court may impose a sanction—

12   including of reasonable expenses and attorney's fees—on any person who "impedes, delays, or

13   frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

14       Under Rule 37(a), a party seeking discovery may move for an order compelling discovery

15   when an opposing party has failed to respond. Fed. R. Civ. P. 37(a). In filing a motion to

16   compel, the moving party bears the burden of demonstrating that he will suffer "actual and

17   substantial prejudice" from the denial of discovery. *Veterans for Common Sense v. Shinseki*, 644

18   F.3d 845, 888 (9th Cir. 2011) (citing *Hallen v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

19       During the deposition, plaintiff advanced two primary bases for refusing to answer

20   defense counsel's questions. First, he objected that he could not recall the answers to certain

21   questions because he had not seen the video. ECF No. 43-2 at 50-52. Second, he stated that he

22   needed either to speak with the court or to be represented by counsel before answering questions.

23   *Id.* Both objections are unavailing.

24       Plaintiff's first objection, that he could not recall answers without first seeing the video of

25   the incident, is not a valid basis under Rule 30 for refusing to answer a question. Plaintiff

26   voluntarily invoked the procedures of this court when he filed this lawsuit, and he must comply

27   with his discovery obligations. *Madrid v. De La Cruz*, No. 1:18-cv-00947-DAD-EPG, 2019 WL

28   2994301, at *3 (E.D. Cal. July 9, 2019) (quoting *Tene v. City and Cnty of San Francisco*, No. C

00-03868 WHA, 2004 1465726 (N.D. Cal. May 12, 2004).  Defendants have a fundamental right to discovery and to effectively defend themselves.  Fed. R. Civ. P. 26, 30.  Plaintiff's refusal to answer questions at his deposition prejudices defendants' ability to defend against this case.  *See Green v. CDCR*, No. 2:14-cv-2854-TLN-AC, 2018 WL 4963122, at *2 (E.D. Cal. Oct. 15, 2018) ("It would be fundamentally unfair and prejudicial to defendants to permit plaintiff to continue to pursue this action without requiring his attendance and cooperation at his deposition.").

Plaintiff's second argument, that he may refuse to participate in his deposition unless he is represented by counsel or talks to the court first, is equally without merit.  *See Pulliam v. Lozano*, No. 1:07-cv-964-LJO-MJS, 2011 WL 335866, at *3 (E.D. Cal. Jan. 31, 2011) (noting that a pro se inmate must fully participate and cooperate in properly noticed deposition despite his preference for appointed counsel); *Green*, 2018 WL 4963122, at *2 (noting that a pro se plaintiff is "required to fully participate in all stages of the proceedings").  As I have explained to plaintiff previously, *see* ECF Nos. 7, 17, & 42, there is no right to counsel in 1983 cases.  *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam).  Although a court may request counsel to represent an inmate, such requests are only warranted when justified by exceptional circumstances.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  And as previously evaluated, this case does not present exceptional circumstances justifying the appointment of counsel.  Because defendants' ability to adequately defend against plaintiff's claims will be prejudiced without his deposition testimony, plaintiff will be compelled to sit for his deposition without court appointed counsel.

Plaintiff is informed that he is required to appear at a properly noticed deposition and respond to questions by defendants' counsel.  In answering questions, plaintiff is not required to speculate or guess, although he may be asked to give an estimate of matters where estimates are commonly made (e.g., distance, size, weight, etc.).  Plaintiff may review documents or other evidence available at the deposition for the purpose of refreshing his memory.  If plaintiff does not have to certain documentation, through no fault of his own, he must still appear for a properly noticed deposition.  Plaintiff is further advised that if he fails to cooperate with discovery, this

1  action may be subject to terminating sanctions due to his failure to obey a court order and failure

2  to cooperate in discovery.  *See* Fed. R. Civ. P. 37(b)(2)(a)(v).

3  **Defendants' Motion to Modify the Scheduling Order**

4  Defendants move to modify the scheduling order (1) to extend the discovery cutoff

5  deadline from June 13, 2025 to 90 days from the date of the court's order on defendants' motion

6  to compel for the limited purpose of permitting plaintiff's deposition, and (2) to extend the

7  pretrial motion deadline from September 5, 2025 to 90 days from the new discovery cutoff

8  deadline.  ECF No. 43-1 at 16.  Plaintiff has not filed an opposition.  Good cause appearing, the

9  motion is granted.  The discovery deadline, for the limited purpose of allowing defendants to

10  depose plaintiff is set for 90 days from the date of this order, and the deadline to file dispositive

11  motions is 90 days from the date of the new discovery deadline.

12  **Plaintiff's Motion to Compel**

13  Plaintiff has filed a motion requesting that defendants provide production of the video.

14  ECF No. 44.  Defendants oppose the motion, arguing that the motion is untimely, that is in

15  improper because plaintiff did not previously seek discovery of the video, and plaintiff offers no

16  reason for why he has delayed seeking the video.  ECF No. 45.

17  Plaintiff's motion is denied.  At bottom, plaintiff's motion does not state whether he

18  previously sought production of the video from defendants through a request for production of

19  documents.[2]  Plaintiff cannot file a motion to compel before defendants fail to adequately respond

20  to his discovery requests.  *See* Fed. R. Civ. P. 37(a) (A motion to compel may be brought "[i]f a

21  party fails to make a disclosure required by Rule 26(a)" or replies to a discovery request with an

22  "evasive or incomplete disclosure, answer, or response.").  In addition, the deadline for plaintiff

23  to seek discovery expired April 14, 2025, and the discovery cutoff, including filing motions to

24  compel, was on June 13.  *See* ECF No. 35.  Plaintiff signed the instant motion on June 22, 2025,

25  after both deadlines expired.  *See* ECF No. 44 at 2.

26

27

28  [2] Defendants assert that plaintiff has *not* sought discovery of the video evidence.  ECF No. 45 at 3-4.

1    Lastly, plaintiff does not explain why he was unable to seek this discovery from

2    defendants prior to the cutoff of discovery.  As early as July 2024, the court informed plaintiff

3    that he must comply with the Federal Rules of Civil Procedure, which includes seeking discovery

4    from defendants.  *See* ECF No. 17 at 1 ("Plaintiff is informed that court permission is not

5    necessary for discovery requests and that neither discovery requests served on an opposing party

6    nor that party's responses should be filed until such time as a party becomes dissatisfied with a

7    response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.

8    Discovery requests between the parties shall not be filed with the court unless, and until, they are

9    at issue."); ECF No. 42 at 2 ("On February 20, 2025, I issued the scheduling order in this case, in

10   which I informed both parties that discovery requests must be served by the party seeking

11   discovery on all parties to the action.  ECF No. 35 at 5.  I warned that discovery requests should

12   not be filed with the court unless required by Local Rules.  *Id.*  As it currently stands, no Local

13   Rule requires this court to review plaintiff's discovery request, and, as I have previously informed

14   plaintiff, *see* ECF No. 17, court permission is not necessary for discovery requests.  Additionally,

15   to the extent that plaintiff intended to serve defendants with his discovery request by filing them

16   with the court, that approach is improper.  Plaintiff must serve his discovery requests on

17   defendants.  *See* Fed. R. Civ. P. 30-36.").  Plaintiff's motion to compel is denied.

18       Accordingly, it is ORDERED that:

19       1.  Defendants' motion to compel and modify the scheduling order, ECF No. 43, is

20   GRANTED.  The discovery deadline, for the limited purpose of allowing defendants to depose

21   plaintiff is set for 90 days from the date of this order, and the deadline to file dispositive motions

22   is 90 days from the date of the new discovery deadline.

23       2.  Plaintiff's motion to compel, ECF No. 44, is DENIED.

24   IT IS SO ORDERED.

25

Dated:    __August 4, 2025__                          _____

26                                                    JEREMY D. PETERSON

27                                                    UNITED STATES MAGISTRATE JUDGE

28